8180

Vincent Vila.                    :    Court of Appel.

      -vs-                        :    No. 8180.

Automobile Service Co.           :    Parish of Orleans.
      Inc.                        :

───────

Dinkelspiel. J.

8180

Dinkelspiel. J.

Plaintiff sues to recover $3.000. the value of his automobile, which he alleges, was destroyed by fire on 1st. August, 1919, through the negligence of a servant of defendant company.

Plaintiff, alleges, that his automobile having become disabled on a country road, at a late hour of the night, he engaged the services of defendant company to tow the automobile to defendants garage.

That on locating said automobile on the road, the said defendant's employee, Gus. Romero, with a view of examining same, struck a match near and in the rear of the automobile, with the result that gasoline from the gas tank of the automobile was ignited and exploded.

To this petition, defendant filed various exceptions;- exception of no cause of action which was referred to the merits; a further exception; that having filed a rule on plaintiff to furnish a bond for costs, as required by Section, 4 of Act 136 of 1880. plaintiff failed to do so, but under an agreement between counsel in writing, which was against the law, which letters are in evidence to show, that counsel for plaintiff, under written consent by defendant's counsel, agreed that if a bond was required, he, counsel for plaintiff would stand on the bond, which was accepted by defendant's counsel.

The third exception filed by defendant was for a dismissal of suit as to $1.600., paid plaintiff by the Insurance Company, therefore payment to plaintiff was divested to that extent of his claim, if he had any against defendant, and finally, not rejecting plaintiff's claim entirely because of his xxx failure to sustain the burden of proof on trial.

The three exceptions referred to were all referred to

661

the merits, and the answer, reserving the benefit of
the exceptions, claimed there was no liability on the
part of defendant; that the accident was caused through
inadvertence, and without fault or negligence on the part
of defendant.

On the question of negligence, and the allegations
being nuf insufficient, as claimed by defendant, the au-
thorities are abundant the other way.
Cyc. V. 29. Sec. 569., "While it is customary to allege
that an act was done negligently, yet where the pleader
states facts from which the law will demand a duty, and
shows an omission of the duty and resulting injury, an
averment that the nntnn act was negligent is unnecessary."

On the question whether or not complieance with
the law to give bond for costs can or cannot be waived
we are satisfied the law was enacted only for special
purposes which at all times can be waived in writing
and agreements between counsel in writing as in this
case has been done will be sustained by the Courts.

On the question of wn whether or not plaintiff
can stand in judgment after the Insurance Company has
paid a certain amount of loss claim by him from de-
fendant, The case of Hampton vs. N. O. Ry. Co. 124
L. 562, is absolutely convincing.

Quoting from the syllabus; "Where the owner of
property which has been destroyed by fire through own-
ers negligence has been paid part of his loss by an in-
surer, and thereby becomes subrogated to the remedies
of the assured, an action to recover from the wrongdoer
the value of the property destroyed is properly brought
in the name of the assured and the insurer is nota nec-
essary party such action".

"The wrongful act is indivisable, and gives rise
to but one cause of action".

And, in the 27 A. 713, Wm. Mc. Cubbin vs. Samuel

Hastings. Qyoting again from the syllabus; "If the allegations were sufficient to imply fault on the part of defendant, the use of the very word itself was not necessary to fix the responsibility on defendant. If he could have prevented the act, as alleged, and did not, he was necessarily in fault".

Reaching the facts in this case, without am commenting unnecessarily, but simply quoting the portions of testimony substantially what we deem essential in connection with an admission in the answer to the following effect; "That upon locating plaintiff's automobile upon the road, the said defendant employed, Gus. Romero, who, with a view of examining same, struck a match near and under the rear of plaintiff's automobile, with the result that gasoline from the gas tank of plaintiff's automobile was ignited and exploded by said match." And, to this article, "Defendant, respondant, denies that plaintiff states fully the facts properly in the fifth article of the petition. While respondants employee did strike a match to ascertain where planks might be placed for the purpose of raising and moving the automobile, same was not done near and under the rear of plaintiff'd automobile as alleged, but some distance therefrom."

The two witnesses, both disinterested, one a Mr. Keiffer and the other a Mr. Romero, an employee of defendant Company, in order to bring plaintiff's machine into defendant's garage testified virtually, under the answer, in our opinion, almost identical, as to the manner they proceeded to get to the machine, and only differed, when they reached the machine, in one material point. Keiffer contended that Romero when he reached near the machine which was in a ditch, with a match lit a cigarette and got under the car, and in a few minutes thereafter a fire took place which destroyed the machine. Romero, on the other hand, said, that he was on the side of the machine, and whilst admitting lighting the match in question, he did not light it under the machine but on the side, the

top part of the match exploding, cause unknown to him, and that taking fire caused in his opinion the explosion, and that the heat of the match caused the grass where the machine was to ignite, and that grass caused the machine to burn accidentally. It is always customary to carry lamps so that matches are not required in works of this character.

It has been testified to by various witnesses engaged in the business of repairing automobiles, that a match near or anywhere where gasoline or explosive matters either through negligence or otherwise, come in contact with gasoline, danger is iminent. This was known to Romero, and if not known to him it should have been known by him, and his acts are the acts of defendant.

It has been proven further, that so far as the value of this machine is concerned, that plaintiff had sold it back to it's original owners, and had purchased another machine for which he was to have paid quite a large amount in cash difference the moment the machine in question could have been delivered. He collected from the sale of the wreck of the machine the sum of $200. and gave credit for that amount to defendant. The evidence satisfies us, that the transaction had been fairly and honestly concluded, and there was no deception of any kind practiced in any way by plaintiff on defendant. The act committed by the agent was the act of the defendant.

The Judge of the lower Court saw and heard the witnesses. He was satisfied with their statements, and rendered judgment for the amount of plaintiff's claim less $200.00 admitted to have been collected by plaintiff.

For the reasons herein assigned, it is ordered, adjudged and decreed, that the judgment of the lower Court be and the same is hereby affirmed, with costs of both Courts.

Judgment affirmed.